IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:11cv042

| | |
|---|---|
| CHARLENE WARREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court *sua sponte* on its review of compliance with the Court's Pre-Trial Order entered May 11, 2011 [Doc. 4]. The Reference effected under section 2(A)(2) of the undersigned's Standing Order 1:11-mc-001 is withdrawn.

The Pre-Trial Order instructed Plaintiff to file her Motion for Summary Judgment and supporting Memorandum of Law within 60 days thereof. The deadline for filing was, therefore, July 14, 2011. Plaintiff has not complied or sought an extension of time within which to comply and the deadline has long since passed.

This Court has stressed the importance of meeting deadlines to this counsel. When warnings about his repeatedly missing deadlines effected no improvement, the Court announced that it would impose an administrative fine on counsel, but discounted those fines in the first instances. *See, e.g.,* <u>Stacey v. Commissioner</u>, 1:10cv208 (W.D.N.C., Doc. 10, March 23, 2011). During the same period in which this instant deadline was being overlooked, counsel missed another deadline and was fined $50 for each day that passed between the deadline and his ultimately attempted compliance. *See* <u>Anderson v. Astrue</u>, 2:10cv23 (W.D.N.C.) [Doc. 13, July 27, 2011].

Recent orders have put counsel well on notice of this Court's need to administer its business efficiently, and intent to do so through the enforcement of deadlines. It is counsel's obligation to know the particular deadlines applicable here. With the large caseload he has maintained in this Court for years, he can be expected to recognize the Court's longstanding practice of providing 60 days within which a Plaintiff may file her Motion and Memorandum in a Social Security appeal.

As such, no further notice to counsel is necessary before concluding that Plaintiff has failed to prosecute her case. The referral to Magistrate Judge Howell will be withdrawn, and the matter dismissed.

To avoid needless prejudice to Plaintiff from the predicament in which her counsel's failures place her, the Court has reviewed the administrative record pursuant to the applicable standard of review.

## STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, *see* Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as "more than a scintilla and [doing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401, 91 S.Ct. at 1427).

The Court may not re-weigh the evidence or substitute its own

3

judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. Hays, 907 F.2d at 1456; Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## THE SEQUENTIAL EVALUATION

In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant. 20 C.F.R. §§ 404.1520, 416.920. Second, the claimant must show a severe impairment. If the claimant does not show any impairment or combination thereof which significantly limits the claimant's physical or mental ability to perform work activities, then no severe impairment is shown and the claimant is not disabled. Id. Third, if the impairment meets or equals one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the claimant is disabled regardless of age, education or work experience. Id. Fourth, if the impairment does not meet the criteria above but is still a severe impairment, then the ALJ reviews the

claimant's residual functional capacity (RFC) and the physical and mental demands of work done in the past. If the claimant can still perform that work, then a finding of not disabled is mandated. Id. Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's RFC, age, education, and past work experience enable the performance of other work. If so, then the claimant is not disabled. Id.

## ANALYSIS

Plaintiff appeals from an Appeals Council decision dated December 22, 2010. [T. 6-10]. It reversed a partially favorable decision by Administrative Law Judge (ALJ) Gregory M. Wilson dated September 25, 2008. [T. 26-35].

The Appeals Council focused on three findings that led to ALJ Wilson's decision to award partial benefits at step five.

ALJ Wilson found that Plaintiff reached her fiftieth birthday during the period under review, which moved her into the vocationally distinct category of "individual closely approaching advanced age." [T. 33]. He found her to be capable of a restricted range of light work. [T. 30]. To the period of time on and after her fiftieth birthday, he applied Medical-Vocational ("Grids") Rule 201.14 to determine that she was disabled. [T.

5

34-5].

The Appeals Council, whose decision was announced by Administrative Appeals Judges (AAJs) Kirkwood and Dowgiello, adopted the ALJ's findings in the first four steps of his sequential evaluation and in the portion of his step five finding covering the period prior to her fiftieth birthday. [T. 9]. They found error, however, in his application of Grids Rules 201.21 and 201.14 with regard to the period on and after her fiftieth birthday. [T. 9-10].

The effect of their adoption of his step four finding was to affirm his determination that she was capable of light work. Plaintiff has presented nothing to the Court to indicate her assignment of error to that aspect of the decision, and the Court sees no error therein.

A person deemed capable of light work is capable of a wider range of work functions than a person limited to sedentary work. The exertional level to which Grids Rules 201.21 and 201.14 apply is sedentary work. That is the Rule that ALJ Wilson applied. The Appeals Council concluded that applying a Rule that assumes limitation to sedentary work, to this Plaintiff who is not so restricted, to be error on the part of the ALJ. [T. 10]. The Court concludes tht the Appeals Council was correct in this assessment.

6

Furthermore, the Appeals Council determined that the Grids Rules applicable to a person of Plaintiff's age and educational attainment, who is capable of light work, are in the 202 range corresponding to light work, rather than the 201 range corresponding to sedentary work. The specific applicable rules are 202.21 and 202.14. The Council determined that under the framework of those rules, a finding of "not disabled" is directed.

The Court has reviewed those rules. *See* 20 C.F.R. Part 404, Subpart P, Appendix 2. Substantial evidence supports the factual findings about Plaintiff's age, educational attainment and exertional capacity. The Court is satisfied that those rules apply to persons with those attributes.

It is not as clear, however, that application of those rules is appropriate given the entirety of the ALJ's unchallenged residual functional assessment (RFC). The ALJ found that Plaintiff was limited to "occasional" pushing and pulling with the right leg, "occasional" reaching overhead, "occasional" kneeling and crouching, and several acts are limited to "frequent" performance. The shorthand method of step five disability determination that is embodied in the Grids is only applicable where the claimant is capable of "substantially all of the exertional demands of work at a given level of exertion." SSR 83-12, 83-14. The multiple findings of limitations to "occasional" and "frequent" performance of certain acts,

7

therefore appears to be inconsistent with the application of provisions which require the Plaintiff to be able to perform "substantially all of the exertional demands." These are meaningful concerns since the burden of proof is on the Commissioner at step five.

This error is rendered harmless, however, by the testimony of the Vocational Expert (VE), Charlie Edwards. [T. 407-414]. He testified that he had reviewed the record. [T. 408]. Hypothetical questions were asked of him that articulated the entire RFC found by the ALJ [T. 409, 412]. He responded that jobs were available that such a hypothetical person could perform. [T. 410, 412]. He identified four jobs by title and Dictionary of Occupational Titles (DOT) number, noting their requirement for light work. [T. 410]. He confirmed their consistency with the sit/stand option and with the DOT. [T. 410, 412]. The numbers of such positions available in the economy to which he testified were substantial. [T. 410].

"In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." Stephens v. Secretary of Health, Education and Welfare, 603 F.2d 36 (8th Cir. 1979). The VE's testimony possesses these attributes. As such, it comprised substantial evidence

supporting the Appeals Council's decision that Plaintiff was not disabled.

Accordingly, the Plaintiff herself is not prejudiced by the Court's dismissal of this matter for failure to prosecute.

**IT IS, THEREFORE, ORDERED** that the reference to the Magistrate Judge is withdrawn.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is dismissed for failure to prosecute. This matter is hereby **DISMISSED WITH PREJUDICE.**

Signed: August 11, 2011

Martin Reidinger
United States District Judge